47 F.3d 1182
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Steven T. VILLARREAL, Petitioner,
v.
DEPARTMENT of the TREASURY, Respondent.
 No. 94-3186.
 United States Court of Appeals, Federal Circuit.
 Jan. 13, 1995.
 
 Before CLEVENGER, Circuit Judge, COWEN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 DECISION
 SCHALL, Circuit Judge.
 
 
 1
 Steven T. Villarreal petitions for review of the final decision of the Merit Systems Protection Board (Board) in Docket No. DA0752930257-I-1, sustaining his removal by the Internal Revenue Service (agency) from the position of revenue officer. The July 2, 1993 initial decision of the administrative judge became the final decision of the Board on December 27, 1993, when the Board denied Villarreal's petition for review. We affirm.
 
 DISCUSSION
 
 2
 The Board's decision must be affirmed unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 3
 Villarreal's principal argument on appeal is that the agency's choice of penalty was excessive and disproportionate to the offense with which he was charged. We disagree. Our review of an agency's penalty determination is highly deferential. Webster v. Department of Army, 911 F.2d 679, 685 (Fed. Cir. 1990) ("'[d]eference is given to the agency's judgment ... unless the penalty is so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion."'), cert. denied, 112 S. Ct. 181 (1991). The agency concluded that Villarreal's acts of misconduct established an overall pattern of conduct in violation of IRS Rules of Conduct, Section 215.2, and chose to remove Villarreal to promote the efficiency of the service. Having reviewed the record, we cannot say that imposition of the penalty of removal amounted to an abuse of discretion.[1]
 
 
 
 [1]
 We have considered Villarreal's remaining contentions, including those relating to the NORD III labor agreement, and have found them to be without merit